UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-365-FDW
(3:04-cr-83-FDW-DCK-1)

| | |
|---|---|
| RODDIE PHILLIP DUMAS, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration of the Court's prior Order dated October 9, 2012, dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 as an unauthorized, successive petition. (Doc. No. 4). The Court noted in its prior Order dated October 9, 2012, that Petitioner filed a previous Motion to Vacate the same conviction and sentence on June 13, 2008, and that the Court dismissed the Motion to Vacate on August 11, 2008. See (3:12cv365, Doc. No. 2). The Court therefore dismissed the Motion to Vacate as a successive, unauthorized petition. The Court further noted that the petition was untimely, as it was filed more than one year after Petitioner's conviction became final.

Plaintiff's pending motion for reconsideration is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very
> narrow circumstances: "(1) to accommodate an intervening change in controlling

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.[1]

---

[1] As he did in his prior Motion to Vacate, Petitioner contends in his Motion for Reconsideration that his prior state court sentence did not qualify as a predicate felony under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Courts lack jurisdiction to address the merits of a successive, unauthorized petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that the failure of the petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Thus, the Court did not address the merits of Petitioner's contentions in its prior Order on his Motion to Vacate. The Court observes in any event that, contrary to Petitioner's contention, the underlying state court felony did, in fact, serve as a predicate felony under Simmons. That is, Petitioner received a suspended, five-year sentence for his conviction on May 27, 2002, for Felony Possession of Cocaine. See (Crim. No. 3:04-cr-83, Doc. No. 44 at 2: Amended 851 Notice). Petitioner contends that because he never actually served any incarceration time, the sentence did not count as a

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Reconsideration, (Doc. No. 4), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 30, 2012

Frank D. Whitney
United States District Judge

---

predicate felony under Simmons. This argument is without merit, as the fact that the sentence was suspended and that Petitioner never actually served any custodial time is irrelevant to a Simmons inquiry. See United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished) (rejecting petitioner's argument that Simmons did not apply to a suspended sentence, and noting that "the actual sentence imposed is irrelevant; rather the relevant inquiry [under Simmons] is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"). The relevant inquiry is whether Petitioner was subject to a sentence of more than one year. Here, Petitioner was clearly subject to, and received, a sentence of more than one year.