**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-365-FDW**
**(3:04-cr-83-FDW-DCK-1)**

| | |
|---|---|
| RODDIE PHILLIP DUMAS, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | )    **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion for Relief from

Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 6). Petitioner

seeks relief from this Court's final judgments entered on August 11, 2008, and October 9 and 30,

2012.

On June 13, 2008, Petitioner filed a Motion to Vacate his conviction and sentence in

Criminal Case No. 3:04-cr-8. This Court dismissed the Motion to Vacate on August 11, 2008.

See (3:08cv270, Doc. Nos. 1, 2; 3:04-cr-83, Doc. Nos. 71, 72). Petitioner filed a second Motion

to Vacate on June 12, 2012, again seeking to have the Court vacate his conviction and sentence

in Criminal Case No. 3:04-cr-83. On October 9, 2012, this Court denied Petitioner's second

Motion to Vacate, Set Aside, or Correct Sentence on October 9, 2012 as an unauthorized,

successive petition. On October 22, 2012, Petitioner filed a Motion for Reconsideration/Leave to

File Supplemental Pleading re 2 Order on Motion to Vacate/Set Aside/Correct Sentence (2255).

On October 30, 2012, this Court entered an Order denying Petitioner's Motion for

-1-

Reconsideration.

On February 11, 2013, Petitioner filed the instant Motion for Relief from Final Judgment.

Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

In support of the Rule 60(b) motion, Petitioner merely reasserts the same arguments that he presented, or could have presented, in his original Section 2255 petition, his successive Section 2255 petition, and in his Motion for Reconsideration.  Petitioner has not shown any of the grounds necessary for obtaining relief from judgment under Rule 60(b).

**IT IS, THEREFORE, ORDERED THAT** Petitioner's Motion for Relief from Judgment, (Doc. No. 6), is **DENIED**.

Signed: February 13, 2013

Frank D. Whitney
United States District Judge

-2-